**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 19-1163

———————

JOSEPH DONOHUE, Executor of the Estate of SUSAN DONOHUE, individually and
on behalf of all persons similarly situated; DEBORAH
KINEST, individually and on behalf of all persons similarly situated,
Appellants

v.

THE RETIREMENT SYSTEM OF ALLEGHENY COUNTY;
RETIREMENT BOARD OF ALLEGHENY COUNTY

———————

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 2:17-cv-01167)
District Judge: Hon. Cynthia Reed Eddy

———————

Submitted Under Third Circuit L.A.R. 34.1(a)
October 21, 2019

Before: GREENAWAY, JR., PORTER, and COWEN, *Circuit Judges.*

(Filed: November 18, 2019)

———————

OPINION*

———————

———————

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PORTER, *Circuit Judge.*

Joseph Donohue and Deborah Kinest (collectively, "Appellants") appeal the dismissal of their complaint, which alleged procedural and substantive due process claims against Allegheny County's disability benefit approval process. Their procedural due process claim fails because they did not pursue available administrative processes. Their substantive due process claim fails because the challenged statutory provisions survive rational basis review. We will affirm the District Court's dismissal.

**I**

Susan Donohue, an employee of Allegheny County, developed health problems and applied for disability benefits from the Retirement System of Allegheny County and the Retirement Board of Allegheny County (collectively, the "Board"). Allegheny County provides disability benefits for longtime employees who three Board-selected practicing physicians conclude are "totally and permanently disabled physically." *See* 16 Pa. Stat. and Cons. Stat. Ann. § 4711(a).

Donohue filed several applications for disability benefits and seven Board-selected physicians examined her. Each physician found that she was not "totally and permanently disabled physically." The Board therefore denied Donohue's applications for benefits. Donohue requested and received two appeal hearings. Donohue had the right to subpoena and to cross-examine the Board-selected physicians at the hearings but declined to do so. The Board affirmed the denial of benefits.

Donohue appealed the Board's denial to state court. In the same state-court appeal, she also brought a class action claim against the Board alleging procedural and

2

substantive due process violations of the Fourteenth Amendment under 42 U.S.C. § 1983. The Board removed her due process claims to federal district court. Donohue administratively closed her state-court appeal supposedly until her federal class action was resolved, but she later abandoned the state-court appeal altogether. While the federal action was pending, Donohue passed away, so her husband Joseph Donohue—the administrator of her estate—was substituted as named plaintiff.

Eventually, Debora Kinest was added as a second named plaintiff. Kinest worked for Allegheny County and applied to the Board for disability benefits after developing health issues. Three Board-selected physicians examined Kinest, and each found she was not "totally and permanently disabled physically." The Board denied Kinest's application based on the physicians' opinions. Unlike Donohue, Kinest did not request an appeal hearing of the Board's denial of benefits or appeal the denial to state court.

In federal court, the Board moved to dismiss the class action for failure to state a claim. The District Court granted the Board's motion. Donohue and Kinest timely appealed.

## II

The District Court had jurisdiction under 28 U.S.C. §§ 1331 and 1343. We have jurisdiction under 28 U.S.C. § 1291.

We review the District Court's decision to grant a motion to dismiss de novo. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 786 n.2 (3d Cir. 2016) (citation omitted). To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). In assessing plausibility, we construe the complaint in the light most favorable to the plaintiff." *Carpenters Health v. Mgmt. Res. Sys., Inc.*, 837 F.3d 378, 382 (3d Cir. 2016) (citation omitted).

## III

### A

On appeal, Appellants first argue that the District Court improperly dismissed their claims that the Board violated Donohue and Kinest's procedural due process rights.

Generally, to state a claim alleging a procedural due process violation, "a plaintiff must allege that (1) he was deprived of an individual interest that is encompassed within the Fourteenth Amendment's protection of 'life, liberty, or property,' and (2) the procedures available to him did not provide 'due process of law.'" *Hill v. Borough of Kutztown*, 455 F.3d 225, 233–34 (3d Cir. 2006) (citation omitted).

But "a plaintiff must [also] have taken advantage of the processes that are available to him or her, unless those processes are unavailable or patently inadequate." *Alvin v. Suzuki*, 227 F.3d 107, 116 (3d Cir. 2000). This requirement is not procedural exhaustion but ensures that "the harm alleged has occurred." *Id.* "[A] procedural due process violation cannot have occurred when the governmental actor provides apparently adequate procedural remedies and the plaintiff has not availed himself of those

4

remedies." *Id.* (citing *Zinermon v. Burch*, 494 U.S. 113, 126 (1990)); *see also Elsmere Park Club, L.P. v. Town of Elsmere*, 542 F.3d 412, 420–24 (3d Cir. 2008) (barring procedural due process claims because plaintiff "could have availed itself of [the] facially adequate postdeprivation process").

The District Court found that Appellants possessed a property right in their claim for disability benefits.[1] But the District Court ultimately concluded that Appellants' procedural due process claim was barred because neither Donohue nor Kinest pursued available procedures to challenge the Board's denial of benefits. Specifically, the District Court relied on Donohue's failure to pursue her state-court appeal or subpoena the Board-selected physicians and Kinest's failure to request an appeal hearing.

Appellants do not dispute that Donohue and Kinest failed to pursue these procedures after their denials from the Board. But Appellants argue these failures should be excused because the procedures are inadequate for two reasons. First, they contend that the Board is not authorized by law to do anything meaningful at a hearing. And second, they assert that cross-examining the physicians would have been futile.

Appellants do not carry their burden to show that "access to procedure is absolutely blocked or [that] there is evidence that the [Board's] procedures are a sham[.]" *See Alvin*, 227 F.3d at 118 (citation omitted). That other applicants have successfully obtained benefits after appeal hearings and remand from the Board suggests the

---

[1] Because the District Court properly found that Appellants' procedural due process claim was barred, we need not decide whether Appellants possessed a property interest under the Fourteenth Amendment.

5

procedures are adequate. And Appellants fail to explain why subpoenaing and cross-examining the Board-selected physicians is futile or why Donohue abandoned her state-court appeal. Thus, we cannot say that the Board's procedures are "patently inadequate." *See Alvin*, 227 F.3d at 116.

Because "there is a process on the books that appears to provide due process, [Appellants] cannot skip that process and use the federal courts as a means to get back what they want[ ]." *Alvin*, 227 F.3d at 116 (citations omitted). So we will affirm the District Court's dismissal of Appellants' procedural due process claim.

**B**

Next, Appellants argue that the District Court erred when it dismissed Appellants' substantive due process claim.

Where a legislative act does not burden "certain fundamental rights and liberty interests," it is subject to rational basis review. *Heffner v. Murphy*, 745 F.3d 56, 79 (3d Cir. 2014) (citations omitted). Rational basis review asks whether "there is a legitimate state interest that [ ] could be rationally furthered by the statute." *N.J. Retail Merchs. Ass'n v. Sidamon-Eristoff*, 669 F.3d 374, 398 (3d Cir. 2012) (citation omitted). Although not "toothless," rational basis review is essentially a "strong presumption of constitutionality" that "allows legislative choices considerable latitude." *Heffner*, 745 F.3d at 79 (citations omitted).

Before the District Court, and now on appeal, Appellants argued that § 4711(a) fails rational basis review because the three-physician approval requirement renders the physicians' discretion unreviewable. As a result, Appellants argue, the statute permits the

6

arbitrary denial of benefits to eligible applicants. The District Court rejected this argument. It found that the statute's three-physician approval requirement rationally relates to the legitimate interests of limiting the Board's discretion, preventing waste, and preserving the financial condition of the pension fund by leaving the benefits eligibility determination to medical professionals. We agree with the District Court's analysis.

**IV**

The District Court properly dismissed Appellants' procedural and substantive due process challenges, so we will affirm.